```
                   UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,    )  CR-N-05-30014-MAP
                             )
          v.                 )
                             )
PAUL STARNES,                )
                             )
          Defendant.         )
```

**GOVERNMENT'S OBJECTION TO LACK OF MANAGER ENHANCEMENT**

The United States of America, by and through Michael J. Sullivan, United States Attorney for the District of Massachusetts, and William M. Welch II, Assistant United States Attorney, hereby files this objection to the U.S. Probation Office's failure to give defendant Paul Starnes a two level enhancement for being a manager/organizer pursuant to U.S.S.G. §3B1.1(c).

§3B1.1(c) states that "[i]f the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in (a) or (b), increase by 2 levels."  "Relevant factors for determining whether or not the requisite participation exists" include "`exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature

1

and scope of the illegal activity, and the degree of control and authority exercised over others.'" United States v. Diaz-Diaz, 433 F.3d 128, 138 (1st Cir. 2005)(quoting §3B1.1, Application Note 4).

Defendant Starnes should receive a two level enhancement under §3B1.1(c) because his conduct in this case satisfies each one of the factors identified in Application Note 4. First, Starnes, the sole owner of Trinity Mortgage, hired and trained his co-defendants, Marc Brown and David McCoy. Presentence Report, ¶39. Second, defendant Starnes received 60% of every commission payment received by Brown or McCoy. Id. at ¶40. Third, defendant Starnes trained both Brown and McCoy how to process fraudulent loans. Id. at ¶40, 49. Therefore, the more fraudulent loans processed by Brown or McCoy, the more money defendant Starnes received. Defendant Starnes ultimately received 60% of the commission payment for each and every fraudulent loan processed by Brown or McCoy through Trinity Mortgage. Id. at ¶69, 72, 75, 78, 83, 87, 97, 103, 107, 112. 40.

Fourth, both Brown and McCoy knew and acted under the belief that defendant Starnes occupied a supervisory position relative to them. Id. at ¶49. As a result, they initially did not inform defendant Starnes about some of their real estate deals because they feared that defendant Starnes would demand a piece of the

action. Id.  In fact, when defendant Starnes learned about or became involved in properties in which Brown was also involved, Starnes demanded and received cash kickbacks equal to or greater than the amount of money that Brown received. Id. at ¶119, 135, 136.  Given defendant Starnes' ability to demand a piece of the action on the 193 Draper and 154 Oak Grove real estate deals, defendant Starnes qualifies as a manager/organizer pursuant to U.S.S.G. §3B1.1(c).

    Filed this 20th day of June, 2006.

                             Respectfully submitted,

                             MICHAEL J. SULLIVAN
                             United States Attorney


                                /s/ William M. Welch II
                             WILLIAM M. WELCH II
                             Assistant United States Attorney

CERTIFICATE OF SERVICE

Hampden, ss.                              Springfield, Massachusetts
                                          June 20, 2006


    I, William M. Welch, Assistant U.S. Attorney, do hereby certify that I have served a copy of the foregoing by electronic service upon:

Peter L. Ettenberg, Esq.
Gould & Ettenberg
370 Main Street
Worcester, MA  01608

Charles W. Groce III, Esq.
1350 Main Street
10th Floor
Springfield, MA  01103

J. Jeffrey Yelle, Esq.
1365 Main Street
Springfield, MA  01103


                                         /s/ William M. Welch II
                                        WILLIAM M. WELCH II
                                      Assistant United States Attorney