UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATE OF AMERICA ) | |
| ) | |
| VS. ) | Criminal No: 05CR30014-MAP |
| ) | |
| DAVID McCOY ) | |
| Defendant ) | |

## MEMORANDUM FOR DOWNWARD DEPARTURE AND IN SUPPORT OF SENTENCING

The Defendant here sets forth caselaw authorizing downward departure and respectfully requests a downward departure from whatever the Court finally determines as the advisory sentencing range. Defendant also reiterates, but does not here repeat, his objections to the Presentence Report's total dollar amount loss computation.

A.  Defendant Engaged in Exceptional Charitable and Community Activities

Mr. McCoy has had a profound impact on his community in Springfield, Massachusetts. In the testimonials presented to the Court are numerous accounts of the positive influence the Defendant has had on families and individuals in the Western Massachusetts area. He has consistently exhibited his caring and compassion for young adults, adolescents and homeless individuals. Mr. McCoy has worked with community outreach programs with the City of Light Ministries, working to help individuals escape drug addiction and prostitution. He is a devoutly religious man who is a great asset to his church and community. He has shown great compassion to those that are homeless, poor and down on their luck. He has participated in helping improve home mission churches in the Springfield area that have been straggling. Mr. McCoy is a member of a men's support group that volunteer their time to help the elderly according to Richard E. Adams,

Senior Pastor at Bethany Assembly of God Church. This testimonial letter, and other letters of support, demonstrate how important Mr. McCoy is to his community. They truly believe that he makes a difference and the Rev. Harry E. Knight describes him as an individual who is "friendly, faithful to serve and committed to making a difference in the lives of those who live in our ministry area". The letter of Sarah Green, with the Holy Redemption Church, reflects her belief that Mr. McCoy tries daily to live a Christian life and "even with his vision loss, he is determined to try to do God's work."

B.   Defendant Has Extraordinary Physical Impairment or Bad Health

U.S.S.G. Sec. 5H1.4 makes "physical appearance including physique" not "ordinarily" relevant but may be so in unusual cases. United States v. Streat, 22 F.3d 109, 112-13 (6th Cir. 1994), where court observed that the court has discretion to depart because of Defendant's "extraordinary physical impairment". In United States v. Lacy, 99 F. Supp.2d 108 (D. Mass. 2000) the court approved a three-level downward departure where the Defendant had a bullet in his brain causing partial hearing loss in his left ear, had blood clots in his arteries and experienced seizures. The Lacy decision also cited other physical conditions that qualified for departures including amyotropyhic lateral sclerosis (Lou Gehrig's Disease), United States v. Roth, 1995 WL 3567. At *1 (S.D. N.Y. Jan. 30 1995); a polio crippled leg, United States v. McLean, 822 F. Supp 961, 962 (E.D. N.Y. 1993); and chronic obstructive pulmonary disease, United States v. Little, 736 F. Supp. 71 (D.N.J.) aff'd, 919 F.2d 137 (3rd Cir. 1990). Additionally, in United States v. Bacon, 914 F. Supp. 660, 662-665 (D. Mass. 1995), the Court in a bankruptcy fraud case, departed downward from a sentencing range of 27-33 months to probation and home detention to a 76 year old Defendant with medical problems which could be made worse by incarceration.

The Defendant's medical problems involve his eyes whereby he has been declared legally blind and he suffers from a rare eye condition known as "Fuchs Dystrophy", leaving him unable to read regular print and he needs devices and adoptive equipment to perform everyday tasks. Clinical

examinations have revealed corneal pathology in each eye. He has had a corneal transplant in his right eye and he will need a transplant for his left eye as well. These procedures will mean that Mr. McCoy's vision is permanently weakened. His future is unclear according to his treating ophthalmologists. A future consult with a neuro-ophthalmologist is a possibility if Mr. McCoy's condition does not improve.

C.  Criminal History Category Over-Represents the Seriousness of the Defendant's Criminal History

The First Circuit's decision in United States v. Rivera, 994 F.2d, 942, 951 (1st Cir.1993), broadly construed a district court's authority to depart from the guidelines in cases that are outside the "heartland" of the guidelines, especially where specific guidelines provision "encourage[s]" grounds for departures. Id at 948. The guideline at issues were, Sec. 4A1.3, is such a provision. It expressly authorizes a downward departure where the criminal history classification "significantly over-represents the seriousness of a Defendant's criminal history or the likelihood that the Defendant will commit further crimes." U.S.S.G. Sec. 4A1.3.

In the present case, the Presentence Report cites a total of six criminal history points resulting in a Criminal History Category of III. Two criminal history points are based on prior misdemeanor convictions, namely larceny under $250.00, Threat to Commit a Crime and Annoying Phone Calls.

It should also be noted here, as it was in the Defendant's objections to the Presentence Report, that with regard to Docket No: 02-8096, Mr. McCoy was part of a corporation that owned the car in question and he was given the check in question by another corporate officer, Susan Stern. This case with this docket number will be the subject of a Motion to Withdraw Guilty Plea/Motion for New Trial in Springfield District Court. Docket No: 94-16512 involves a case in Florida that occurred twelve (12) years ago. Thus, the Defendant believes that this justifies a departure by this Court.

D.  The Totality of the Circumstances

The District Court is authorized to depart downward when the "combination of factors" indicates that a departure is appropriate. United States v. Cooke, 938 F.2d 149, 153 (9th Cir. 1991); United States v. Rioux, 97 F.3d 648 (2nd Cir. 1996) where the Court based on the Defendant's health problems, severe kidney disease, and good acts, charitable fund-raising, departure from level 20 to level 10 and sentence of probation approved. In United States v. Rivera, 994 F.2d, 942, 951 (1st Cir. 1993), J. Breyer stated that "(a) district court may well have a special competence in making this determination, because it may have a better 'feel' for the unique circumstances of the particular case before it." Further, the Court in Rivera indicated that it has the "power to depart in 'unusual cases' and, where family circumstances are out of the 'ordinary,'" at 953.

Another basis for a downward departure is the potential for Rehabilitation as already evidenced by Mr. McCoy. As the numerous letters of support indicate, Mr. McCoy is a deeply religious man, who since these events occurred in the present case, has devoted himself to his community by helping others less fortunate. His daily life revolves around these endeavors. His rehabilitation has been significant, and this faith demonstrates that Mr. McCoy has a high potential for further future rehabilitation. His friends, neighbors and fellow church members have indicated to this Court what a loss to the community Mr. McCoy's absence would present. This support also shows that Mr. McCoy will have a strong framework to live a productive life free from criminal activity.

Whatever the Court determines to be the applicable guidelines, the Defendant moves for a downward departure. As a basis therefore, Mr. McCoy points to his extraordinary charitable and community activities, his potential for future rehabilitation, his physical impairments and bad health, and his criminal history category over-represents the seriousness of his past criminal record. These factors, when considered together, create a situation which differs significantly from the heartland of cases, and warrants a downward departure.

Based on Mr. McCoy's status as a minor participant, the fact that he was the last co-defendant to enter the conspiracy and the first to withdraw, and the factors set forth in this motion and memorandum, the Defendant requests this Court to sentence him by applying the requested downward departures to the advisory guidelines. Specifically, Mr. McCoy requests that this Court sentence him to a period of home confinement, followed by Probation/Supervised Release with an order for restitution as this Court so finds. This sentence would recognize the seriousness of this case as well as the need for deterrence.

> Respectfully Submitted,
> The Defendant, David McCoy
> By his Attorney,
>
> _____
> J. Jeffrey Yelle, Esquire
> 1365 Main Street
> Springfield, Mass. 01103
> Telephone: (413) 732-9760
> BBO#: 536780

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATE OF AMERICA ) | |
| ) | |
| VS. ) | Criminal No: 05CR30014-MAP |
| ) | |
| DAVID McCOY ) | |
|     Defendant ) | |

CERTIFICATE OF SERVICE

    I, J. Jeffrey Yelle, Esquire, hereby certify that a copy of the foregoing Memorandum for Downward Departure has been served on all parties of record IN HAND to: Assistant U.S. Attorney William Welch, 1550 Main Street, Springfield, MA 01103 and U.S. Probation Officer Richard Rinaldi on the date hereof.

_____
J. Jeffrey Yelle

Dated: July 5, 2006