UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR-N-05-30014-MAP |
| ) | |
| v.                         ) | |
| ) | |
| MARC BROWN,                ) | |
| ) | |
| Defendant.   ) | |

**GOVERNMENT'S MEMORANDUM REGARDING**
**DEFENDANT BROWN'S OBJECTIONS TO PRESENTENCE REPORT**

The United States of America, by and through Michael J. Sullivan, United States Attorney for the District of Massachusetts, and William M. Welch II, Assistant United States Attorney, hereby files this response to the defendant's Objections to the Presentence Report. The Government intends to address only those objections that have some bearing on the Guideline calculations.

A.  <u>Objection to Loss Calculation</u>

The defendant seems to object to the inclusion of certain properties in the overall fraud calculation, such as 199-201 Orange Street, as well as the overall fraud number. According to the Government's factual submission to the U.S. Probation Office, the following loans were attributable to Brown:

> All of the loans alleged in the indictment beginning with 104 Eastern Avenue except for the Waverly Street, Aster Street, Harvard Street and Stapleton Road properties have been attributed to Brown. Brown either had no involvement in those

1

>    transactions, which were exclusively Starnes or
>    McCoy deals, or the Government could not prove
>    Brown's knowledge of the fraud. The total amount
>    of fraudulent loans for which Brown can be held
>    responsible equals $618,567.00.

Therefore, the only properties that the Government had agreed not to attribute to defendant Brown were the properties for Overt Acts 1 through 6; 21 Waverly Street (Count 1; 28-30 Aster Street (Count 8); 32-34 Aster Street (Count 9); 126 Harvard street (Count 11); and 292 Stapleton Street (Count 12). 199-201 Orange Street is properly attributable to Brown because defendants Brown and McCoy were partners in the land-flipping business, and even if Brown had not been involved in 199-201 Orange Street, the proceeds could be used by defendant McCoy for future deals between defendants Brown and McCoy. Therefore, the total amount of fraud attributable to defendant Brown equaled $618,507.00.

    B  <u>Objection to the Number of Victims</u>

Defendant Brown must concede that, assuming the exclusion of 199-201 Orange Street, there were at least four financial institutions that were victims. He maintains, however, that none of the individual buyers were victims, apparently because they did not suffer any reasonably foreseeable pecuniary harm.

The problem with this argument is that all of the individual buyers suffered pecuniary harm that was reasonably foreseeable to defendant Brown. For example, defendant Brown knew that all of the victims were buying homes whose values were deliberately

inflated anywhere from 100% to 200% and, consequently, making monthly mortgage payments that were 100% to 200% greater than they should have been.  None of the victims were ever told that they were buying homes whose values were deliberately inflated.

Therefore, even under defendant Brown's interpretation of victim, he must concede that the individual buyers suffered reasonably foreseeable pecuniary harm in the form of unnecessarily higher monthly mortgage payments based upon a lack of corresponding value.  Under this scenario, the number of individual buyers plus financial institutions easily exceeds the threshold of ten victims needed for the two level enhancement.

    C.  <u>Objection to the Abuse of Trust Enhancement</u>

Defendant Brown had a fiduciary duty to the financial institutions from whom he received his broker fee.  They paid defendant Brown to act as their eyes and ears and gather the necessary financial documents that the financial institution needed in order to decide whether or not a borrower qualified for a loan.  The financial institutions based their ultimate decision upon the accuracy of that information and the trust that they placed in defendant Brown to forward to them truthful and accurate financial information.  Defendant Brown violated that trust by deliberately including false information in the borrowers' financial loan packages and forwarding that information to the lenders.

D.   <u>Minor Participant Reduction</u>

The facts do not support a minor participant reduction. Defendant Brown wants to argue that he was a minor participant relative to defendant Starnes.  The problem with this argument is that the loans being attributed to defendant Brown are those loans that defendant Brown and defendant McCoy deliberately tried to conceal from defendant Starnes and in which defendant Brown and McCoy are 50/50 partners.

Defendant Brown cannot have it both ways.  On the one hand, defendant Brown cannot try to reap as much profit as possible by attempting to cut defendant Starnes out of certain deals, but then at sentencing argue that he was a minor participant relative to defendant Starnes.  It simply does not square with the facts.

Filed this 18th day of July, 2006.

                                      Respectfully submitted,

                                      MICHAEL J. SULLIVAN
                                      United States Attorney

                                      <u>      /s/ William M. Welch II      </u>
                                      WILLIAM M. WELCH II
                                      Assistant United States Attorney

CERTIFICATE OF SERVICE

Hampden, ss.                                Springfield, Massachusetts
                                            July 18, 2006


    I, William M. Welch, Assistant U.S. Attorney, do hereby certify that I have served a copy of the foregoing by electronic service upon:

Peter L. Ettenberg, Esq.
Gould & Ettenberg
370 Main Street
Worcester, MA  01608

Charles W. Groce III, Esq.
1350 Main Street
10th Floor
Springfield, MA  01103

J. Jeffrey Yelle, Esq.
1365 Main Street
Springfield, MA  01103


                                          /s/ William M. Welch II
                                          WILLIAM M. WELCH II
                                          Assistant United States Attorney